ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ronald Turner (Pro Se)
_____

Write the full name of each plaintiff.

-against-

Robert L. Wilkie (Acting),

SECRETARY, UNITED STATES DEPARTMENT

OF VETERANS AFFAIRS

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

18 CV 4038

___CV_____
(Include case number if one has been assigned)

Do you want a jury trial?
☒ Yes   ☐ No

# EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.



RECEIVED
MAY 04 2018
U.S.D.C.
WP

Rev. 3/24/17

## I. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Ronald | G. | Turner |
|---|---|---|
| First Name | Middle Initial | Last Name |

24 First Street
Street Address

| Suffern | New York | 10901 |
|---|---|---|
| County, City | State | Zip Code |

| (845) 598-5016 | headturner59@yahoo.com |
|---|---|
| Telephone Number | Email Address (if available) |

### B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:  Robert L. Wilkie
Name
810 Vermont Avenue NW
Address where defendant may be served

| Washington, DC | | 20420 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:
Name

Address where defendant may be served

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City          State          Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

**FDR Montrose VA Hospital**
Name

**2094 Albany Post Road**
Address

**Montrose**                **New York**          **12508**
County, City                 State                Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

- ☒ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

  The defendant discriminated against me because of my (check only those that apply and explain):

  - ☒ race:  I didn't get promoted because of racial preferences.
  - ☐ color: _____
  - ☐ religion: _____
  - ☐ sex: _____
  - ☐ national origin: _____

- [x] **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is:  **Black**

- [ ] **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: _____

- [ ] **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

- [ ] **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

- [ ] **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B. Other Claims

In addition to my federal claims listed above, I assert claims under:

- [ ] **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

- [ ] **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

- [ ] Other (may include other relevant federal, state, city, or county law):

    _____

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☐ terminated my employment
- ☒ did not promote me
- ☐ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☒ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☐ other (specify): _____

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

See attached statement of facts.

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☒ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge? 2-26-14

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☒ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice? 2-7-18

When did you receive the Notice? 2-9-18

☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☒ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☒ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

I want to be promoted and granted retroactive pay from December 9, 2013.

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 5-4-18 | | Ronald Turner |
|---|---|---|
| Dated | | Plaintiff's Signature |

| Ronald | G. | Turner |
|---|---|---|
| First Name | Middle Initial | Last Name |

| 24 First Street | | |
|---|---|---|
| Street Address | | |

| Suffern | New York | 10901 |
|---|---|---|
| County, City | State | Zip Code |

| (845) 598-5016 | headturner59@yahoo.com |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☒ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Statement of facts:
- On December 9, 2013 I believe I was discriminated against on the basis of my race (African-American) when I was not selected for the position of recreation therapist supervisor. I believe my promotion was procedurally sabotaged by Julia Anderson who manipulated the selection criteria by not adhering to unbiased personnel promotional procedures. Consequently, a less qualified, less discriminated against, Puerto Rican male employee, Pedro Gonzales, was selected instead of me.

- My interview was scheduled for November 20, 2013 at 8:15 A.M. The notice was sent November 19, 2013 at 10:24 A.M., which was fewer than twenty-four hours' (copy included) and it was the only notice I received. This action went against the normal HR procedural protocol. As the only African-American applying for the position I was given the least amount of notice for the interview.

Unfortunately two out of three members of the interviewing panel were not on time for my interview which resulted in me being rushed through the interview in a perfunctory fashion. Therefore the panel didn't afford me treatment equal to that given Pedro Gonzalez (Puerto Rican male) who was selected for the position. Julia Anderson, recreation director and Patti Cole, assistant recreation director worked in tandem to negatively impact my interview performance by creating an unduly stressful situation by not allowing me sufficient time to prepare for the interview. Notwithstanding, I still showed up prepared, ten minutes earlier than my appointment scheduled for 8:15 A.M.

- On December 5, 2013, Pedro Gonzalez (Puerto Rican male) visited me in my office at work for lunch and we spoke about our interview experience. He informed me that he was also interviewed on November 20, 2013, but at a more suitable time later in the day, and the panel members were on time for him. I told Pedro Gonzalez (Puerto Rican male) the panel members arrived late for my interview and I felt rushed. He said he did not feel rushed by the three White female panel members. He said they liked him and were very engaging with him, which was the opposite of how they treated me. They treated me in a contemptible manner.

He said he didn't have enough time to complete his interview on November 20, 2013 but he was automatically invited back for a second interview, without being given a score, for the following week on November 27, 2013, which was clearly different than the procedure used for me. I was not invited back at the end of my interview and nor was I given a score rating my performance. I think this was unfair, prejudice and a display of preferential treatment.

- At work on December 22, 2013, while covering the fitness center in building 18 on the Montrose VA campus, I spoke with Amy Hahn (White female) Recreation Therapist who was also a candidate for the mental health supervisor position.

1

She informed me that she was invited back for a second interview, but not at the end of her first interview. She said she received a notice that she had been chosen for a second interview on November 27, 2013, the same day of the interview. She said she was disturbed by the short notice and she believed it negatively impacted her.

- I know that Julia Anderson and Patti Cole have a past history of abusing their authority and using racially biased preferences to make job related decisions. In the past I had voluntarily agreed to coach the veterans from the Hudson Valley Healthcare System at the National Veterans' Wheelchair Games. I traveled with the team in 2007 to Milwaukee, Wisconsin and in 2008 to Omaha, Nebraska. Both times I received good work performance evaluations and praise from Julia Anderson and Patti Cole.

However, In 2009 I was replaced as coach by Pedro Gonzalez (Puerto Rican male) without a legitimate or justifiable reason. I remember calling Patti Cole on the telephone a few months before the start of the 2009 Wheelchair Games to inquire about the planning and schedule, only to find out I had been replaced. I asked her should I start getting ready for the 2009 Wheelchair Games, and her response was quick and curt. She said, "Julia and I have decided to go in a different direction this year and we have chosen Pedro Gonzalez (Puerto Rican male) to be the coach."

I strongly believe the decision was based on racial preference and not related to my past performance as coach of the wheelchair games. I felt like I was discriminated against, and I believe their decision was an adverse employment action. It is clear; their managerial prerogative was a subterfuge to disguise their racially motivated decision against me. Also significant, Julia Anderson (White female) had a reputation for making racist, ethnic, and sexist jokes and comments at work. I personally witnessed her making racist's jokes and slurs at meetings and staff Christmas parties.

I think managers are entitled to their personal opinions on race. However, they're not entitled to make decisions about promotions based on those opinions. I think this incident highlighted a pattern and propensity for making job related decisions based on racial preferences. They became emboldened by what they got away with, and repeated their racist behavior concerning my job promotion to supervisor.

- On December 19, 2013 at work it was brought to my attention by Craig Crawford (African-American male), a co-worker of mine and subordinate of Julia Anderson (White female) that he had engaged in a conversation with Ms. Anderson (White female) regarding the candidates for the supervisor of recreation position. Mr. Crawford (African-American male) indicated, the conversation took place shortly after my interview on November 20th and before December 9th when the selected candidate was officially announced.

He said he asked her in her opinion who did she considered the top contender for the position. He said he stated, "Isn't Ron Turner the front runner."
Mr. Crawford (African-American) said Ms. Anderson (White female) responded by saying your new supervisor will be someone who's well known to everybody in the therapeutic recreation field. Mr. Crawford (African-American male) said isn't that Ron Turner. Ms. Anderson responded, "No it's Pedro, not Ron." He said they then debated back and forth about who was more experienced and better known in professional associations in the therapeutic recreation field in the New York metro area. I found her engagement in this conversation unbefitting for a selecting official who's supposed to be impartial. It was disturbing and filled with under tones of bias, prejudice and racial animus. Mr. Crawford (African-American male) said he would be willing to testify under oath about the conversation.

- On February 26, 2014 a complaint of employment discrimination was filed with the Department of Veterans Affairs (copy included).

- In her report of investigation (ROI) testimony Patti Cole (White female) said, "I was on the panel, and I ran the meeting." Initially she said the interviewees were given 45 minutes to an hour for their interviews. Then she contradicted herself after answering the following question: And how long did the interview last with the complainant? Ms. Cole said, "To be completely honest, I honestly don't know. I would assume a half hour to 45 minutes.

- On November 14, 2016 I submitted an appeal on a summary judgement awarded to the VA by the EEOC, dated July 25, 2016 and received August 29, 2016.

- I presented new evidence that was previously over looked to support my case. Prior to my application for this position, I had been a participant in a federal court discrimination lawsuit against the New York State Veterans Home at Montrose, that I believe the "Responsible Management Official" for this promotional position, Julia Anderson (White female), had previous knowledge about, and I believe she retaliated against me by not selecting me for the recreation supervisor position, for which I was passed over in favor of a far less qualified candidate.

I worked part time as an evening recreation therapist at NYS Veterans Home at Montrose which shares the same campus as the Montrose Federal VA Hospital where I worked full time as a recreation therapist.

In 2011 I filed a complaint against my supervisor Ed Kloos (White male) for racial discrimination after referring to himself as a "nigger lover". Mr. Kloos accused me of playing the race card and told me that he would call Julia Anderson (White female) my supervisor at the full time job and tell her that I had falsely accused him of racial discrimination. Mr Kloos harassed and retaliated against me after I filed complaints against him, and, upon information and belief, he was vindictive and followed through on his threat to call Julia Anderson (White female) about my complaints against him.

3

Upon reporting to the part time job on October 2, 2013, Kevin King (African-American male), who was the HR Director at NYS Veterans Home at Montrose, called me into his office and informed me that Ed Kloos had made a threat against my life. He said NYS Veterans Home at Montrose had taken immediate actions and terminated him. News about the threat was widespread on the campus as employees from both facilities approached me and said they had heard about it.

Upon information and belief, Julia Anderson (White female) heard people talk about Ed Kloos's threat against me on the campus. Some employees from the Federal VA Hospital also moonlight at the NYS Veterans Home at Montrose like me.

- On September 29, 2017 I submitted a statement/brief in support of reconsideration for the denial of my appeal. I believe the decision failed to address substantive facts included in my appeal. No analysis of the new evidence of retaliation was addressed in the decision rendered by the EEOC.

- On February 7, 2018 my request for reconsideration was denied by the Commission at the EEOC. I was awarded a right to sue letter, and I wish to pursue litigation against the Veterans Administration.

4



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Ronald Turner, a/k/a
Vince D.,[1]
Complainant,

v.

Dr. David J. Shulkin,
Secretary,
Department of Veterans Affairs,
Agency.

Request No. 0520180017

Appeal No. 0120170383

Hearing No. 520-2015-00058X

Agency No. 200H-0620-2014-101310

## DECISION ON REQUEST FOR RECONSIDERATION

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in EEOC Appeal No. 0120170383 (August 31, 2017). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

In his underlying complaint, Complainant claimed that he was discriminated against on the basis of his race (African-American) when on December 9, 2013, he was not selected for the position of Recreation Therapist Supervisor.

An EEOC Administrative Judge (AJ) granted the Agency's Motion for a Decision Without a Hearing. The AJ found that no discrimination occurred. The AJ stated that Complainant was interviewed for the relevant position by a three-member panel. The panel ranked the candidates

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

according to their scores and submitted a list of four candidates who scored above thirty points to the selecting official for personal interviews. Complainant's score was below thirty points and therefore he was not interviewed by the selecting official. The AJ found that other than the proffer of personal opinions and interpretations, Complainant failed to introduce any relevant evidence to demonstrate that the Agency's explanation was pretext for discrimination. In its final order, the Agency implemented the AJ's Decision.

On appeal, the Commission affirmed the Agency's final order. We stated that even construing any inferences raised by the undisputed facts in Complainant's favor, a reasonable factfinder could not find in favor of Complainant.

In his request for reconsideration, Complainant contends that he was rushed through his interview and was not advised of the scoring system prior to or after his interview. Complainant also raises a claim of reprisal in his request to reconsider that he previously raised on appeal. Complainant claims that the selecting official was influenced by an official at the New York State Veterans Home at Montrose, where Complainant worked part-time. Complainant states that he had filed a complaint against this official alleging race discrimination. Complainant maintains that the selecting official and one of the members of the interview panel harbored racial animus toward him and sabotaged his promotion through manipulation of the selection criteria by not adhering to personnel promotional procedures. Complainant claims that the selecting official had a reputation for making racist and ethnic jokes at work. Complainant argues that African-American Recreation Therapists are transferred to less prestigious or desirable work assignments, which does not happen to Caucasian Recreation Therapists.

The Commission emphasizes that a request for reconsideration is not a second appeal to the Commission. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), Chap. 9 § VI.A (Aug. 5, 2015); see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 0520070736 (Aug. 20, 2007). Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not presented any persuasive evidence to support reconsideration of the Commission's decision. Complainant has not demonstrated that the Agency's explanation for his nonselection was pretext intended to hide discriminatory intent.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 0120170383 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).


FOR THE COMMISSION:

*[signature]*
Carlton M. Hadden, Director
Office of Federal Operations


February 7, 2018
Date

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Ronald Turner
24 1st Street
Suffern, NY 10901

Doris L. Gruntmeir
Chief Counsel, Personnel Law Group
Office of General Counsel
810 Vermont Ave., N.W.
Washington, DC 20420

Harvey Johnson, Deputy Assistant Secretary, Resolution Management
Office of Resolution Management (08D)
Department of Veterans Affairs
810 Vermont Ave., NW
Washington, DC 20420

February 7, 2018
Date

*[signature]*
Compliance and Control Division

| COMPLAINT CASE NUMBER: | | OMB NO.: 2900-0716<br>RESPONDENT BURDEN: 30 Min. |
|---|---|---|
| **Department of Veterans Affairs** | **COMPLAINT OF EMPLOYMENT DISCRIMINATION** | |

*Read the instructions on the reverse side of this form carefully before completing the front of this form.*

| 1. NAME (Last, first, middle initial)(Please print) | 2. MAILING ADDRESS | 3a. WORK TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| Turner, Ronald G. | 119 Route 202, Apt 2C<br>Pomona, N.Y. 10970 | 914-737-4400 ext. 3710 |
| | | 3b. HOME TELEPHONE NUMBER (Include Area Code) |
| | | 845-390-1042 |

| 4. ARE YOU: | 5a. JOB TITLE, SERIES AND GRADE | 6. NAME AND ADDRESS OF VA FACILITY WHERE DISCRIMINATION OCCURRED |
|---|---|---|
| ☒ A VA EMPLOYEE | Recreation Therapist-10 | FDR Montrose VA Hospital<br>2094 Albany Post Road<br>Montrose, NY 10548 |
| ☐ AN APPLICANT FOR EMPLOYMENT | 5b. SERVICE/SECTION/PRODUCT LINE | |
| ☐ A FORMER VA EMPLOYEE | Ancillary Care Line | |

NOTE: For each employment related matter that you believe was discriminatory you must list the bases (list one or more of the following):
Race (Specify), Color (Specify), Religion (Specify), Sex (Male or Female), National Origin (Specify), Age (Provide date of birth), Disability (Specify), Genetic Information, and Reprisal for prior EEO activity or having opposed discrimination.

| 7. BASIS | 8. CLAIM(S)<br>(What employment related claim(s) - personnel action(s), incident(s), or event(s) caused you to file this complaint? Briefly describe what happened below. Use an additional sheet of paper if necessary. You should not include information that violates the Privacy Act of 1974 and the Health Insurance Portability and Accountability Act (HIPAA). Some examples are patient medical records, personal records of other VA-employees, etc.) | 9. DATE OF OCCURRENCE (Include the most recent date(s)) |
|---|---|---|
| Race | Applied for supervisory recreation therapist position.<br>Job Announcement Number:<br>VHA 670-2014-3-974383 | 11-4-13 |

10. REMEDIES SOUGHT (Use an additional sheet of paper if necessary.)
To be promoted to recreation supervisor and receive retroactive pay.

| 11a. DO YOU HAVE A REPRESENTATIVE? | 11b. IF "YES," IS HE OR SHE AN ATTORNEY? | 11c. PROVIDE THE NAME, ADDRESS, AND TELEPHONE NUMBER OF YOUR REPRESENTATIVE |
|---|---|---|
| ☐ YES ☒ NO | ☐ YES ☐ NO | |

| 12a. HAVE YOU CONTACTED AN EEO COUNSELOR? | 12b. NAME OF EEO COUNSELOR | 12c. DATE OF INITIAL CONTACT WITH ORM |
|---|---|---|
| ☒ YES ☐ NO | Wardelle McClendon | 1-15-14 |

13. If you contacted an EEO Counselor more than 45 calendar days after the Date(s) of Occurrence, listed in item 9, or if this complaint is filed more than 15 calendar days after receipt of a Notice of Right to File a Discrimination Complaint, you must explain why you were untimely in seeking EEO counseling or untimely in filing a complaint. (Use an additional sheet of paper, if necessary.)

| 14a. HAVE YOU FILED A UNION GRIEVANCE ON ANY CLAIM(S) LISTED ABOVE? | 14b. IF "YES," LIST THE CLAIM(S) AND DATE GRIEVANCE FILED | 15a. HAVE YOU FILED AN APPEAL WITH THE MERIT SYSTEM PROTECTION BOARD (MSPB) ON ANY OF THE CLAIMS LISTED ABOVE? | 15b. IF "YES," LIST THE ISSUE(S) AND DATE MSPB APPEAL FILED. |
|---|---|---|---|
| ☐ YES ☒ NO | | ☐ YES ☒ NO | |

| 16a. HAVE YOU FILED THIS COMPLAINT WITH ANYONE ELSE? | 16b. IF "YES," PROVIDE THE NAME AND ADDRESS |
|---|---|
| ☐ YES ☒ NO | |

| 17. SIGNATURE OF COMPLAINANT (Do not print) | 18. DATE |
|---|---|
| Ronald Turner | 2-26-14 |

VA FORM 4939
JAN 2012

SUPERSEDES VA FORM 4939, APR 2010, WHICH SHOULD NOT BE USED.

**From:** Anderson, Julia
**Sent:** Tuesday, November 19, 2013 10:24 AM
**To:** Turner, Ronald
**Subject:** Interview Recreation Therapy Supervisor


Your Interview for the Supervisor of Recreation Therapy has been scheduled for the following date and time. Please be prompt. The location of the interview is Building 14 (first floor-education) Debriefing Room #115. Once you get off of the elevator go down the hall to the left. At the end of the hall turn RIGHT and go through the Skills Lab. The Interview Room will be immediately on your Right.


**<u>Wednesday Nov 20th</u>**

8:15am Ron Turner


Thank you,

Julia