UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD G. TURNER,

                Plaintiff,

-against-

ROBERT L. WILKIE, SECRETARY OF VETERANS' AFFAIRS,

                Defendant.

18CV4038 (LMS)

ORDER GRANTING REQUEST FOR PRO BONO COUNSEL

LISA MARGARET SMITH, United States Magistrate Judge:

    Plaintiff has orally made an Application for the Court to Request Counsel. For the following reasons, Plaintiff's application is granted

### LEGAL STANDARD

    The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Order dated June 7, 2018, ECF No. 4.) Plaintiff also filed an Application for the Court to Request Counsel, which was initially denied. (*See* Order dated June 11, 2018, ECF No. 6.) He subsequently was provided limited *pro bono* counsel for the purpose of mediation. (*See* Notice of Limited Appearance of *Pro Bono* Counsel dated October 9, 2018, ECF No. 16, *and see* Mediation Referral Order dated September 20, 2018, ECF No. 13.) He subsequently was provided limited *Pro Bono* Counsel to defend his deposition (*See* Notice of Limited Appearance of *Pro Bono* Counsel dated June 4, 2019, ECF No. 31), and additional *Pro Bono* Counsel to

conduct two fact depositions. (*See* Notices of Limited Appearance of *Pro Bono* Counsel dated June 11, 2019, ECF Nos. 32 and 33.) When the Court issued its decision denying in part and granting in part Defendant's Motion for Summary Judgment Plaintiff renewed his Application for the Court to Request Counsel, affirming orally to the undersigned that his financial status had not changed. Plaintiff therefore qualifies as indigent.

In the Amended Complaint (ECF No. 18), Plaintiff asserts a claim under Title VII, and the New York State Human Rights Law, alleging that he was discriminated against when he applied for a supervisor position. He was not hired for the supervisory position. Further description of the facts can be found in the Order granting in part and denying in part Defendant's Motion for Summary Judgment. (*See* Order dated September 8, 2020, ECF No. 79.) The Court finds that the remaining claim of discrimination is "likely to be of substance." *Hodge*, 802 F.2d 61-62. Although the Court's Order denying in part the motion for summary judgment relies in large part on circumstantial evidence, there is enough evidence to permit this case to go forward.

The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. Plaintiff has some ability to prosecute his case, as shown by his opposition to the Motion for Summary Judgment, which was partially successful. (*See* Opposition to Motion for Summary Judgment dated May 28, 2020, ECF Nos. 63, 64, and 65) However, prosecuting this case will require skill and experience in cross-examining witnesses, entering documents under the Federal Rules of Evidence, and other trial skills which Plaintiff does not have. This is also a case for which some consideration of settlement may be appropriate, and Plaintiff would benefit from guidance of experienced counsel. In this case,

3

representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is granted. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, some time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case pro se. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 10, 2020
       White Plains, New York

_____
LISA MARGARET SMITH
United States Magistrate Judge