UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

RONALD G. TURNER,

                           Plaintiff,                    **ORDER**

                   -against-                         18 Civ. 4038 (AEK)

DENIS R. MCDONOUGH, SECRETARY,
UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,[1]

                           Defendant.
---------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      On September 8, 2020, the Honorable Lisa Margaret Smith issued a Decision and Order granting in part and denying in part Defendant's motion for summary judgment. *See* ECF No. 79. That same day, the parties participated in a conference before Magistrate Judge Smith which addressed, among other things, the question of whether Plaintiff may pursue an employment discrimination claim against an agency of the United States government under the New York State Human Rights Law, and whether Plaintiff should be permitted to seek additional discovery in this matter.[2] Defendant submitted a letter addressing these issues on September 22, 2020,

---

[1] Denis R. McDonough, who became the Secretary of Veterans Affairs on February 9, 2021, is automatically substituted herein as the Defendant in place of originally named Defendant Robert L. Wilkie pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] The Court notes that on September 10, 2020, Magistrate Judge Smith granted Plaintiff's application for appointment of *pro bono* counsel. ECF No. 80. To date, no counsel has volunteered to represent Plaintiff for purposes of trial in this matter; the Court will make further inquiries regarding possible *pro bono* trial representation following the March 19, 2021 conference.

ECF No. 81; Plaintiff did not submit any response to that letter. Following Magistrate Judge Smith's retirement, this case was reassigned to the undersigned on October 15, 2020.

**I.      Plaintiff's New York State Human Rights Law Claims**

Plaintiff may not pursue his claim for employment discrimination based on race under the New York State Human Rights Law, N.Y. Exec. L. §§ 290 *et seq.* It is well settled that "Title VII is the exclusive remedy for federal employees alleging employment discrimination based on race, color, religion, sex, or national origin," and as a result, Plaintiff's New York State Human Rights Law claims are barred and are hereby dismissed from this action. *Garvin v. Potter*, 367 F. Supp. 2d 548, 559 (S.D.N.Y. 2005); *see also Adeniji v. U.S. Dep't of Com. Census Bureau N.Y. Reg'l Off.*, No. 19 Civ. 8796 (CM), 2020 WL 882166, at *2 (S.D.N.Y. Feb. 21, 2020).

While it would have been preferable for this issue to have been identified during summary judgment briefing, the question implicates the Court's subject matter jurisdiction, and it is also well established that "failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(h)(3); *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative").

To be clear, the dismissal of Plaintiff's New York State Human Rights Law claims does not alter Magistrate Judge Smith's substantive determinations with respect to Plaintiff's claims for employment discrimination under Title VII of the Civil Rights Act of 1964. As set forth in the September 8, 2020 Decision and Order, Plaintiff's retaliation claims have been dismissed in their entirety, but Plaintiff's Title VII claim for employment discrimination based on race will proceed to trial. *See* ECF No. 79.

**II.      Plaintiff's Requests to Reopen Discovery**

In response to Defendant's summary judgment motion, Plaintiff argued that summary judgment should be denied, but in the alternative requested to reopen discovery pursuant to Rule 56(d)(2) and Rule 56(e)(1) of the Federal Rules of Civil Procedure.  *See* ECF No. 65.  The September 8, 2020 Decision and Order noted these requests, noted that the Court was "disinclined to reopen discovery," and gave Defendant an opportunity to address the request.  *See* ECF No. 79 at 30-31.  Plaintiff's request for additional discovery pursuant to Rule 56(d)(2) and 56(e)(1) is now denied.

Rule 56(d)(2) permits a court to defer consideration of a summary judgment motion and allow additional time for discovery while the motion is pending if the non-moving party can show that "for specified reasons, it cannot present facts essential to justify its opposition."  But "'the trial court may properly deny further discovery' under Rule 56(d) 'if the nonmoving party has had a fully adequate opportunity for discovery.'"  *Moccia v. Saul*, 820 F. App'x 69, 70 (2d Cir. 2020) (summary order) (quoting *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989)); *see also Capitol Recs., Inc. v. MP3tunes, LLC*, No. 07 Civ. 9931 (WHP), 2013 WL 1987225, at *8 (S.D.N.Y. May 14, 2013) ("Relief under Rule 56(d) is not available when summary judgment motions are made after the close of discovery" (quotation marks omitted)).  Here, Plaintiff had more than enough time and opportunity to pursue discovery—discovery deadlines were extended multiple times, *see* Minute Entries dated 6/26/19 and 9/11/19, and Plaintiff even had the assistance of *pro bono* counsel in connection with certain affirmative depositions.  *See* ECF No. 44.  Plaintiff has not presented any specific reasons why he was not able to obtain the discovery he now seeks during the discovery phase of this case, even after this specific shortcoming was identified by the Court.  *See* ECF No. 79 at 30-31.

Notably, Magistrate Judge Smith did not see fit to defer consideration of the summary judgment motion to allow for additional discovery pursuant to Rule 56(d), and it is not appropriate to reopen discovery pursuant to Rule 56(d)(2) at this stage.

Rule 56(e)(1) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may give an opportunity to properly support or address the fact." Yet this provision is not designed to allow the nonmoving party to seek additional discovery to address the fact or facts in question. *See Bembo v. Cnty. of Niagara*, No. 13-CV-413V, 2016 WL 4189851, at *5 (W.D.N.Y. Aug. 9, 2016) (Rule 56(e) "does not address reopening closed discovery; on its face, it only allows parties, in a court's discretion, to have another chance to scour the record to find support for a factual assertion"). Even if it were appropriate to allow for additional discovery after the filing of summary judgment motions pursuant to Rule 56(e), Plaintiff here has not provided any explanation for why discovery should be reopened at this stage to allow him to further support his opposition to summary judgment regarding his retaliation claim.[3] Indeed, none of Plaintiff's proposed additional avenues of potential discovery, *see* ECF No. 79 at 30, would appear to offer any appreciable support for Plaintiff's retaliation claim, let alone sufficient support to overcome Defendant's summary judgment motion. Accordingly, for all of these reasons, Plaintiff's attempt to reopen discovery via an application of Rule 56(e) is also denied.

## CONCLUSION

Plaintiff's claims pursuant to the New York State Human Rights Law are DISMISSED, and Plaintiff's requests to reopen discovery at this late stage of the litigation are DENIED.

---

[3] Since Plaintiff successfully defeated Defendant's summary judgment motion on his race discrimination claim, there is no need for additional discovery to address facts relevant to that claim.

4

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy of this order to the *pro se* Plaintiff.

Dated: March 15, 2021
White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge